UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANTHONY JAMES VANDALL,

    Petitioner,

  v.                                     CAUSE NO. 3:25-CV-1034 DRL-SJF

SHERIFF,

    Defendant.

OPINION AND ORDER

Anthony James Vandall, a prisoner without a lawyer, filed a habeas petition challenging his probation revocation in Case No. 71D03-2304-F3-24. Following a revocation hearing, on November 21, 2025, the St. Joseph Superior Court sentenced him to four years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before considering the merits of a habeas corpus petition, the court must ensure that the petitioner has presented his claims "through one complete round of State-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.*

According to the petition, Mr. Vandall has never presented his claims to the Indiana Court of Appeals or the Indiana Supreme Court. Further, he did not file a notice of appeal or motion to correct error within thirty days of the probation revocation, so the time to appeal it has now expired. *See Cooper v. State*, 917 N.E.2d 667, 672 (Ind. 2009) ("A defendant must either file a notice of appeal or a motion to correct error within thirty days after a final appealable order is issued."); Ind. Code § 35-38-2-3(l) ("A judgment revoking probation is a final appealable order."). Therefore, it appears that Mr. Vandall claims are procedurally defaulted, which would generally bar him from obtaining habeas relief, and Mr. Vandall asserts no valid basis to excuse procedural default. However, in an abundance of caution, the court will grant Mr. Vandall an opportunity to respond before dismissing the petition on the basis of procedural default.

For these reasons, the court:

(1) ORDERS Anthony James Vandall to file a response to this Order on whether the petition is procedurally defaulted by January 23, 2026;

(2) CAUTIONS Anthony James Vandall that, if he does not respond by that deadline, this case will be dismissed without further notice; and

(3) GRANTS the motion to proceed *in forma pauperis* (ECF 2).

SO ORDERED.

December 23, 2025                          *s/ Damon R. Leichty*
                                           Judge, United States District Court